IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., <br><br>     Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br>     Plaintiff-Intervenor, <br><br> v. <br><br> CHAMBERS COUNTY BOARD OF EDUCATION, et al., <br><br>     Defendants. | CIVIL ACTION NUMBER <br><br> 3:70-cv-00844-WKW |

## JOINT MOTION TO APPROVE PROPOSED CONSENT ORDER

Plaintiffs United States of America (the "United States"), Anthony T. Lee et al. (collectively, "Plaintiff Parties"), and Defendant Chambers County Board of Education (the "District") (together, the "Parties") respectfully move the Court to approve the attached proposed consent order ("Proposed Consent Order") entered into by the Parties in connection with this school desegregation litigation. In support of this motion, the Parties state the following:

    1.    On July 1, 1993, the Court entered an Agreed Order ("1993 Order"), which was agreed upon and signed by the Parties. *See generally* 1993 Order. The 1993 Order covered, *inter alia*, all six *Green* factors, curricular offerings, teacher quality, and the construction and

operation of a single, consolidated high school in the District.[1] The 1993 Order also required the District to develop a comprehensive desegregation plan. *Id.* at 7-8.

2. On January 27, 2015, the Court ordered the District to show cause why this action was not suitable for a motion to dismiss and for a declaration of unitary status. Doc. 325. The District filed a motion for unitary status. Docs. 328 & 355. The Parties then jointly moved for a Stay of Proceedings, Doc. 353, in order to work collaboratively to remedy areas of concern. Doc. 356. Given the progress made by the Parties, the Court then denied without prejudice the District's Motion for Unitary Status. Doc. 372.

3. Between 2015 and 2020, the Parties worked toward eliminating the vestiges of past *de jure* discrimination, including consolidating the District's two high schools into a single high school. Despite all parties agreeing that a single, consolidated high school would help the District address its desegregation obligations, little progress was made toward the consolidated high school during this period.

4. On December 14, 2020, this Court ordered the Parties to file summaries of contested issues by February 4, 2021. Doc. 431. This Court issued a Scheduling Order on February 25, 2021, Doc. 446, which has since been amended several times, most recently on March 30, 2022, to allow the Parties to complete discovery and negotiate a settlement agreement, Doc. 473.

5. The Plaintiff Parties have completed a review of the District's operations and compliance with this Court's existing orders. The United States, counsel for Private Plaintiffs, and experts for the Plaintiff Parties conducted site visits to the District in 2016 and June 2021, during which they toured District facilities and interviewed school- and District-level personnel.

---

[1] As of May 2022, the consolidated high school has not been built.

Plaintiff Parties also submitted several rounds of discovery requests to the District and took depositions throughout 2021 to obtain updated data and information from the District regarding each *Green* factor.

6. The Parties have worked together to resolve outstanding issues regarding student assignment, faculty and staff assignment, facilities, transportation, extracurricular activities, and quality of education. The Parties have worked diligently to negotiate the terms of this Proposed Consent Order, which outlines steps toward achieving full unitary status.

7. The Parties agree that the attached Proposed Consent Order, which the Parties incorporate into this Motion by reference, will reasonably ensure that, if fully implemented, the District will eliminate the vestiges of *de jure* segregation in the areas of the six *Green* factors (i.e., student assignment, faculty and staff assignment, facilities, transportation, and extracurricular activities) and will provide equal educational opportunities to all of the students enrolled in the District.

8. Specifically, Section I of the Proposed Consent Order requires the District to establish a Desegregation Advisory Committee, comprised of student and parent representatives, that will advise the District regarding implementation of the terms of this Proposed Consent Order and related desegregation-related issues.

9. Section II.A. of the Proposed Consent Order requires and the District agrees to build and operate a single, consolidated high school for grades nine through twelve to address existing student assignment and facilities issues. The District will (i) select a neutral site for the new school; (ii) temporarily consolidate all District high school students at the current Valley High School following commencement of site and utilities construction at the new school's location; (iii) create a student-parent committee to provide input on the renaming and rebranding

of Valley High School; and (iv) implement the rebranding once the temporary consolidation has taken place. Once the new consolidated high school is complete, all District high school students will attend the new facility. To facilitate the successful consolidation of its high schools, the District will: (i) create a consolidation plan; (ii) implement a complaint procedure to receive complaints related to desegregation; (iii) maintain siloed class rankings for the former LaFayette and Valley High Schools until the last cohort of ninth graders to attend either school graduates from the consolidated high school; and (iv) report to Plaintiff Parties, this Court, and the public the District's progress toward completion of high school construction.

10. Section II.B. of the Proposed Consent Order requires the District to create a kindergarten through eighth grade STEAM (Science, Technology, Engineering, Arts, and Mathematics) Academy. The STEAM Academy will be located at the current Eastside Elementary School building beginning in the 2022-23 school year. Students currently zoned for Eastside Elementary School, J.P. Powell Middle School, and the Five Points School will be assigned to the STEAM Academy. The District will close J.P. Powell Middle School and the Five Points School at the end of the 2021-22 school year. The STEAM Academy will be open to all kindergarten through eighth grade students in the District, and the District will immediately take steps to draw a desegregated enrollment to the STEAM Academy. The District will hire a STEAM programming consultant and provide Plaintiff Parties and the public with a plan describing operation of the STEAM Academy for the 2022-23 school year. The District will take substantive steps, including adopting a curriculum, to fully implement the STEAM Academy by the 2023-24 school year. If, within three years of full implementation of the STEAM program, the percentage of black and white students enrolled in the STEAM Academy is not within +/- 20% of the District's overall enrollment, sixth through eighth grade students from the current

Huguley Elementary School attendance area will be zoned to attend the STEAM Academy. The STEAM Academy will relocate to the current LaFayette High School campus after that building is vacated and renovated.

11. Section II.C. of the Proposed Consent Order requires the District to close Lafayette Lanier Elementary School at the end of the 2021-22 school year and reassign students zoned for Lafayette Lanier Elementary School to Fairfax Elementary School effective the 2022-23 school year.

12. Section II.D. of the Proposed Consent Order requires the District to publicize to parents and on the District's website: (i) all middle and high school course offerings and prerequisites for those courses; (ii) the process for requesting new course offerings; and (iii) a description of the District's gifted and talented program. The District will conduct a review of its gifted and talented program and provide an annual report to the Parties about its review.

13. Section II.E. of the Proposed Consent Order requires the District to: (i) review and revise its Code of Conduct; (ii) engage technical assistance to improve its discipline policies and practices; (iii) train its staff on discipline policies and practices; and (iv) provide an annual report to the Plaintiff Parties of its disciplinary practices and impact on students, by race.

14. Section III of the Proposed Consent Order requires the District to: (i) retain all faculty and staff affected by school closures and the high school consolidation; (ii) work toward the faculty and staff assignment goals outlined in the 1993 Order; (iii) develop a plan to recruit and retain minority teachers and administrators, which will be shared with the Plaintiff Parties; and (iv) annually report all of its new hires, promotions, terminations, and total number of applicants by race and position to the Plaintiff Parties.

15.     Section IV of the Proposed Consent Order requires the District to provide equitable facilities and will bring all facilities within the District to acceptable levels of physical condition, resources, and suitability for the educational programs which each school is to offer.

16.     Section V of the Proposed Consent Order requires the District to provide: (i) to parents and on its website a list of all extracurricular activities and the process by which new extracurricular activities may be requested; and (ii) to the Plaintiff Parties an annual report including all extracurricular offerings, the race of the students participating, and, for extracurriculars requiring selection or tryouts, a list, by race, of who selected the students for participation, which students applied and which students were selected.

17.     Section VI of the Proposed Consent Order requires the District to provide the Plaintiff Parties with an annual report detailing, by race: (i) student bus routes; (ii) the length of students' bus rides; (iii) whether busses are air conditioned; and (iv) whether after school transportation is available for extracurricular activities.

18.     Section VII of the Proposed Consent Order requires the District to: (i) submit to the Plaintiff Parties and to the Court on or before July 15 each year reports concerning the work of the Desegregation Advisory Committee, the gifted and talented program, student discipline, faculty and staff hiring, extracurriculars, and transportation; (ii) file with the Plaintiff Parties and the Court on or before October 15 each year a report concerning, by race, student enrollment, student transfers, and faculty and staff assignment; and (iii) participate in compliance monitoring, including meeting annually with the Plaintiff Parties to discuss implementation of the terms of this Proposed Consent Order and facilitating Plaintiff Parties' site visits of District schools and administrative offices.

19. The Proposed Consent Order provides that the District may move for dismissal of this Court's supervision over the areas described in the Proposed Consent Order after three school years of full compliance with the Proposed Consent Order (i.e., 90 days after submitting the July 15, 2026 annual report).

20. The Parties have engaged in good faith negotiations, agree that full compliance with the terms of the Proposed Consent Order reasonably promises to ensure that the District eliminates all vestiges of *de jure* segregation, and agree to the terms of the Proposed Consent Order.

WHEREFORE, for the reasons stated above, the Parties respectfully request that the Court approve the accompanying Proposed Consent Order.

Dated: May 19, 2022                          Respectfully submitted,

                                             */s/GeDá Jones Herbert*

STANLEY F. GRAY                              GeDá Jones Herbert
ASB-8670-A56S                                NAACP Legal Defense &
Gray, Langford, Sapp, McGowan,               Educational Fund, Inc.
Gray, Gray & Nathanson                       700 14th Street NW, Suite 600
Post Office Box 830239                       Washington, DC 20005
Tuskegee, AL 36083-0239                      Tel: (202) 682-1300
Telephone: (334) 727-4830                    Fax: (202) 682-1312
sgray@glsmgn.com                             gherbert@naacpldf.org

                                             Amia Trigg*
                                             Victor Jones*
                                             NAACP Legal Defense &
                                             Educational Fund, Inc.
                                             700 14th Street NW, Suite 600
                                             Washington, DC 20005
                                             Tel: (202) 682-1300
                                             Fax: (202) 682-1312
                                             atrigg@naacpldf.org
                                             vjones@naacpldf.org

                                             Amber Koonce*
                                             NAACP Legal Defense &
                                             Educational Fund, Inc.

40 Rector Street, 5th Floor
New York, NY 10006 Tel:
(212) 965-2200
Fax: (212) 226-7592
akoonce@naacpldf.org

*Admitted *Pro Hac Vice*

COUNSEL FOR PRIVATE PLAINTIFFS

| | |
|---|---|
| SANDRA J. STEWART<br>United States Attorney<br>Middle District of Alabama<br><br>MARYLOU E. BOWDRE<br>Assistant U.S. Attorney<br>Alabama Bar No. 9232N10E<br>U.S. Attorney's Office<br>Middle District of Alabama<br>Post Office Box 197<br>Montgomery, AL 36101-0197<br>Telephone: (334) 223-7280<br>MaryLou.Bowdre@usdoj.gov | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>GREGORY B. FRIEL<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>SHAHEENA A. SIMONS, Chief<br>FRANZ R. MARSHALL, Deputy Chief<br>VERONICA PERCIA, Special Litigation Counsel<br>TERESA YEH<br>AMELIA K. HUCKINS<br>TONI COLEMAN<br>Trial Attorneys<br>Educational Opportunities Section<br>Civil Rights Division<br><br>*/s/ Amelia K. Huckins*<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530<br>Telephone: (202) 353-5055<br>Fax: (202) 514-8337<br>Amelia.Huckins2@usdoj.gov |

COUNSEL FOR PLAINTIFF-INTERVENOR UNITED STATES OF AMERICA

*/s/Robert T. Meadows, III*
Robert T. Meadows, III
CAPELL & HOWARD, P.C.
Skyway Professional Center

3120 Frederick Road, Suite B
Opelika, AL 36801
(334) 501-1540 Phone
(334) 501-4512 Facsimile

*COUNSEL FOR CHAMBERS COUNTY BOARD OF EDUCATION*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Joint Motion to Approve Proposed Consent Order has been delivered to all counsel via the Court's electronic filing system on this 19th day of May 2022.

*/s/ Amelia K. Huckins*
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 353-5055
Fax: (202) 514-8337
Amelia.Huckins2@usdoj.gov