IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTHONY T. LEE, et al., <br><br>    Plaintiffs, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br>    Plaintiff-Intervenor, <br><br> v. <br><br> CHAMBERS COUNTY BOARD OF EDUCATION, et al., <br><br>    Defendants. | CIVIL ACTION NUMBER <br><br> 3:70-cv-00844-WKW |

**MOTION FOR FURTHER RELIEF AND REQUEST FOR
STATUS CONFERENCE AND HEARING**

Private Plaintiffs Anthony T. Lee et al., by and through counsel, respectfully move the Court to compel Defendant Chambers County Board of Education ("the District") to construct and operate a "consolidated, district-wide high school facility at a site readily accessible to Alabama state highway Route No. 50 between Lanett[, AL] and LaFayette[, AL]" in compliance with the July 1, 1993 Agreed Order ("1993 Order" or "Agreed Order").  The Private Plaintiffs further request a status conference regarding this matter on or before October 26, 2022, and that this Court subsequently hold a hearing to enable the appropriate public input on all sites considered. Private Plaintiffs seek court intervention because the District's recent actions indicate that it does not intend to comply with the operative Agreed Order and the District has stated they will conduct a vote on the location of the consolidated high school at its October 26, 2022 Board meeting

1

without this Court's input or approval.

1. On July 1, 1993, the Court entered an Agreed Order, which was agreed upon and signed by the Parties. Exhibit 1. The 1993 Order covered, *inter alia*, all six *Green* factors, curricular offerings, teacher quality, and the construction and operation of a single, consolidated high school in the District.

2. Regarding the district-wide consolidated high school, paragraph 5 of the 1993 Order states:

> If the Court determines that the formation of a separate Valley City School District should not be permitted at this time, the district agrees to support the construction and operation of a consolidated, district-wide high school facility at a site readily accessible to Alabama state highway Route No. 50 between Lanett and LaFayette.

3. On April 8, 1994, this Court denied the request of the City of Valley, Alabama, and the Valley City Board of Education to operate a separate school district, holding that Valley's operation of a separate school system would impermissibly impede the desegregation process in Chambers County. *Lee v. Chambers Cnty. Bd. Of Educ.*, 849 F. Supp. 1474 (M.D. Ala. 1994). This decision was made final by Order on August 8, 1994. Doc. 172.

4. Negotiations continued among the Parties with court oversight in the decades that followed, yet the District did not construct a new consolidated high school.

5. On April 15, 2018, the District informed the plaintiff parties that it was finally considering consolidating the high schools in Chambers County, pivoting from its previous assertion that a consolidated high school was not feasible due to differing time zones in the district and financial concerns.

6. Despite repeated inquiries from the plaintiff parties, no additional progress was made toward constructing a consolidated high school.

7. On February 4, 2020, the United States, with the support of Private Plaintiffs, submitted an information request to the District to inquire about the Chambers County Board of Education's progress and plans to consolidate Valley High School and LaFayette High School.

8. The District responded on April 8, 2020, to report that no progress had been made toward bringing a consolidated high school to fruition. Chambers Cnty. Bd. Of Educ., *Chambers County Board's Responses To Request For Information* (April 8, 2020), attached as Exhibit 2.

9. During an April 20, 2020, telephonic conference with the parties, then-Superintendent Dr. Kelli Hodge stated that the proposed consolidated high school had not officially been approved and was not likely to come to fruition in the near future.

10. In an effort to move this matter forward, and with a goal of encouraging the District to desegregate as soon as possible in a manner that is fair to the Black children this matter is meant to serve, the plaintiff parties invited the District to present an alternative plan to address student assignment concerns by December 31, 2020. Email from GeDá Jones Herbert to Robert T. Meadows, III (Aug. 27, 2020), attached as Exhibit 3. The District confirmed receipt of the Private Plaintiffs' email on September 11, 2020. Email from Robert T. Meadows, III to GeDá Jones Herbert (Sept. 11, 2020), attached as Exhibit 4. No such plan was ever presented.

11. The plaintiff parties have continued to encourage the District to move forward with its longstanding obligation to construct and operate a consolidated, district-wide high school. On May 19, 2022, the parties proposed a new consent decree, which would have established a process for the selection of the consolidated high school that included substantial community input and an opportunity to bring disputes to this Court. The Private Plaintiffs withdrew consent to portions of the proposed consent decree on June 14, 2022, Doc. 483, and it was not entered by the Court. The terms of the proposed agreement were not in conflict with the 1993 Order.

12. On July 5, 2022, this Court made clear that, "when the details are finalized and approved, consolidation of the two high schools will be ordered and monitored." Doc. 493 at 5. The Court further noted: "The court ordered generally the consolidation of these schools decades ago." *Id*.

13. While the District now appears to be moving forward with its decades long obligation to consolidate its high schools, there is no indication that the District is planning to ensure that the selected location complies with the 1993 Order. The District's recent efforts are riddled with bias and have not allowed for meaningful input from the community as was contemplated by this Court and in the now withdrawn proposed consent decree. See Doc. 497.

14. Specifically, on July 29, 2022, the Private Plaintiffs submitted an information request to the District to determine, *inter alia*, where things stood with regard to the District's progress on plans for the consolidated high school, requesting a response by August 31, 2022.

15. Counsel for the District responded on July 30, 2022, stating that it likely would not be able to submit responses by the requested deadline, but that it would cooperate and get the requested information to the parties.

16. On September 7, 2022, Counsel for the District submitted partial responses to the Private Plaintiffs' information request, but noticeably absent was a response to question VII regarding the status of the proposed consolidated high school.

17. After the plaintiff parties requested to conduct a site visit and the United States requested to host two community listening sessions on September 12 and 13, 2022, while counsel for the plaintiff parties were visiting the county, the District stated that it would instead use the listening sessions as community meetings to present to the public information on the proposed locations of the consolidated high school.

18. On Friday, September 9, 2022, at 4:10 p.m. CST, the Plaintiff Parties received a draft of what the District planned to present to the public on Monday, September 12, 2022, leaving no meaningful opportunity for the plaintiff parties to ask questions or provide substantive feedback prior to the public presentations.

19. On September 12 and 13, 2022, the Board held "High School Site Selection Townhall[s]," advertised as "a discussion about where the new high school should be built!" The September 12 meeting took place at the Eastside Elementary cafeteria in LaFayette; the September 13 meeting took place at the Valley Community Center in Valley. The meetings included a presentation of the District's analysis of two potential high school sites by Tracy Richter of Hoar Program Management (HPM) (Exhibit 5 "Chambers County School District Site Selection Community Meeting September 12th & 13th, 2022").

20. The District's clear bias in favor of selecting a site near the Valley community, the root issue of this matter for decades, was ever-present at both the September 12 and 13, 2022 community meetings. This bias was immediately recognized by citizens at both meetings. Black residents of Chambers County have long been subject to this same bias by the Chambers County Board of Education against the predominantly Black LaFayette community.

21. One example of the bias contained in the presentation can be found on slide 8, which compares two plots of land, one located on the LaFayette side of the County (referred to as "Site 1") and one on the Valley side (referred to as "Site 2"), that were donated to the District to build the consolidated high school. In the comparison, datapoints that were favorable to the site in Valley were highlighted in green while datapoints that were favorable to the site in LaFayette were not so highlighted. In the LaFayette column, however, data points that were unfavorable were highlighted in red, but unfavorable datapoints related to the Valley location were not similarly highlighted. This

demonstrated a bias toward bringing more attention to the damning points of the LaFayette site, with the favorable points overlooked.

22. While discussing the same slide, the District asserted that it did not have the information necessary to assess various details and datapoints about the LaFayette site, yet the LaFayette Mayor and City Council, who were present at the meeting, stated that no one from the District had ever inquired about the information.

23. Community responses to the District survey requesting input on the site selection also expressed concerns about bias. Examples of the concerns include: "Why is site 1[LaFayette] presented so badly?" (Exhibit 6 "Chambers County Site Selection Survey Report," at 2); "When will all this information be gathered to compare both sites fairly" (*Id.*); "If you aren't going to give facts for both sites and present them both fairly, then why waste people's time or insinuate everyone's opinion matters" (*Id.* at 3); "Why has there been more research on this site [LaFayette] than the other? Why is this being presented differently?" (*Id.* at 5); "Presentation is key and you all did your best to show site 2 [Valley] is worthy of a school and it should go there, but show us REAL FACTS & REAL COMPARISONS." (*Id.* at 6) (emphasis in original); "Chambers County BOE will not present the information fairly for both sites and will continue to do business how they've imagined it to work." (*Id.* at 7).

24. During the September 12, 2022, community presentation, plaintiff parties learned that the School Board intends to vote on the location of the consolidated high school at its October 26, 2022 meeting.

25. Only one of the two sites that the District is currently considering for the consolidated high school (Site 1, which is located in the LaFayette side of the District) is located within a half of a mile of highway Route No. 50, which Private Plaintiffs used as a baseline for

determining a site "readily accessible" to the highway, in compliance with the 1993 Order. *See* Exhibit 5; Exhibit 7.

26. While the Private Plaintiffs are not requesting that this Court order the selection of Site 1, Private Plaintiffs seek to enforce the site selection provisions of the Order that is operative in this case, the 1993 Order.

27. On October 6, 2022, Private Plaintiffs contacted the District requesting that it confirm by October 18, 2022, its intent to comply with the 1993 Agreed Order as it relates to site selection for the consolidated high school. Email from GeDá Jones Herbert to Robert T. Meadows, III (Oct. 6, 2022), attached as Exhibit 8. The District did not respond and confirm its intention to comply with the operative order until Private Plaintiffs notified them of the intention to file this motion on October 21, 2022. The District has still not confirmed its intention to comply.

28. On October 7, 2022, the United States submitted a formal request to the District regarding the site selection status. On October 19, 2022, the United States, with the support of the Private Plaintiffs, expressed concerns that an October 26, 2022, site selection vote would be premature because Private Plaintiffs' request for a status conference with this Court is still pending (Doc. 497), and because this Court and the parties will not have had the opportunity to review information about the proposed sites and to express any concerns about those sites prior to the Board's vote if the vote proceeds on October 26, 2022. Email Thread Regarding United States' Request for Information on High School Site Selection, attached as Exhibit 9, at 1-2. On October 20, 2022, the United States inquired about whether the District still planned to vote on a site on October 26, 2022. *Id.* at 1. It remains unclear how the District plans to proceed.

29. Private Plaintiffs and the District met and conferred regarding this matter on October 21, 2022. All parties met and conferred on October 24, 2022, regarding this matter. Neither the District nor the United States oppose the request for a status conference.

WHEREFORE, for the reasons stated above, Private Plaintiffs request that this Court schedule a status conference on or before October 26, 2022, and hold a hearing to enable the appropriate public input on all sites considered. Private Plaintiffs furthermore request the Court Order the Chambers County Board of Education to construct and operate a "consolidated, district-wide high school facility at a site readily accessible to Alabama state highway Route No. 50 between Lanett[, AL] and LaFayette[, AL]," in compliance with the July 1, 1993 Agreed Order ("1993 Agreed Order").

Dated: October 24, 2022

Respectfully submitted,

*/s/GeDá Jones Herbert*
GeDá Jones Herbert
NAACP Legal Defense &
Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
gherbert@naacpldf.org

STANLEY F. GRAY
ASB-8670-A56S
Gray, Langford, Sapp, McGowan,
Gray, Gray & Nathanson
Post Office Box 830239
Tuskegee, AL 36083-0239
Telephone: (334) 727-4830
sgray@glsmgn.com

Amber Koonce*
Amia Trigg*
Victor Jones*
NAACP Legal Defense &
Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington, DC 20005
Tel: (202) 682-1300
Fax: (202) 682-1312
akoonce@naacpldf.org
atrigg@naacpldf.org
vjones@naacpldf.org

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Motion for Further Relief and Request for Hearing has been delivered to all counsel via the Court's electronic filing system on this 24th day of October 2022.

                                                    */s/GeDá Jones Herbert*
                                                    GeDá Jones Herbert
                                                    NAACP Legal Defense &
                                                    Educational Fund, Inc.
                                                    700 14th Street NW, Suite 600
                                                    Washington, DC 20005
                                                    Tel: (202) 682-1300
                                                    Fax: (202) 682-1312
                                                    gherbert@naacpldf.org