**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA EASTERN DIVISION**

ANTHONY T. LEE, et al.,
Plaintiffs,

and

UNITED STATES OF AMERICA,
Plaintiff-Intervenor,

v.

CHAMBERS COUNTY BOARD OF EDUCATION, et al.,
Defendants.

**CIVIL ACTION NUMBER**

**3:70-cv-00844-WKW**

**MOTION TO ADD CLASS MEMBERS AS NAMED CLASS REPRESENTATIVES**

Pursuant to Rules 17(c), 19, 21, and 25 of the Federal Rules of Civil Procedure, Charlene Story on behalf of herself and her children, D.W. and K.W., and Teranda Allen, on behalf of herself and her child, K.A., respectfully request that the Court join them as the named class representatives in *Lee v. Macon County (Chambers County Board of Education)* and the next of friends on behalf of their children.[1]

[1] The father of Ms. Story's children consents to their representation in this matter. The father of Ms. Allen's child similarly consents.

Because the *Lee* class was certified decades ago and the Courts and parties have long understood it as a class action, Ms. Story and Ms. Allen respectfully request that this Court summarily grant this motion.

The Defendant Chambers County Board of Education opposes this motion. The United States opposes this motion.

**BACKGROUND**

In August 1963, the United States District Court for the Middle District of Alabama ("Middle District") certified a class action and ordered the desegregation of the public schools in Macon County. *Lee v. Macon Cnty. Bd. of Educ.*, 221 F. Supp. 297 (M.D. Ala. 1963) ("*Lee I*"). The next year, the *Lee* class filed a supplemental complaint alleging that Alabama state officials had maintained segregated schools across Alabama and the *Lee* class sought relief on behalf of themselves and a statewide class of all Black children and parents attending schools in the various school systems throughout Alabama. *Lee v. Macon Cnty. Bd. of Educ.*, 231 F. Supp. 743, 750 (M.D. Ala. 1964) ("*Lee II*"). In granting statewide relief, the Middle District again recognized that this case is a "proper class action," *id.* at 745, and held that Alabama's "contention that these plaintiffs have no right to seek relief on a statewide basis is without merit," *id.* at 755. Ultimately, the three-judge court "ordered Alabama's local school districts, including Chambers County and Lanett City, to disestablish their racially segregated and discriminatory systems." *Lee v.*

*Chambers Cnty Bd. of Educ.*, 849 F. Supp. 1474, 1476 (M.D. Ala. 1994); *see also Lee v. Macon Cnty. Bd. of Educ.*, 292 F. Supp. 363 (M.D. Ala. 1968) (three-judge court) (per curiam). And, thereafter, the Middle District reassigned each of the individual school systems to local district judges. *See generally Lee v. Lee Cnty. Bd. of Educ.*, 476 F. Supp. 2d 1356, 1358 (M.D. Ala. 2007).

**ARGUMENT**

"This case is part of a statewide class action brought in 1963 on behalf of black school children in Alabama to desegregate the public schools of that state." *Lee v. Talladega Cnty. Bd. of Educ.*, 963 F.2d 1426, 1428 (11th Cir. 1992). "It is firmly established that where a class action exists, members of the class may intervene or be substituted as named plaintiffs in order to keep the action alive after the claims of the original named plaintiffs are rendered moot." *Graves v. Walton Cnty. Bd. of Educ.*, 686 F.2d 1135, 1139–40 (5th Cir. Unit B 1982).[2]

The *Lee* class must have the opportunity to join new representatives. *See Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1339 (11th Cir. 2003). Even if there were any ambiguities regarding the class certification (and there are not), where, as here, a case was initiated as a class action, the class is clearly defined, and injunctive relief has been ordered as to the class, then the Court still must permit

[2] Fifth Circuit Unit B cases are binding on the Eleventh Circuit. *United States v. Schultz*, 565 F.3d 1353, 1360 n.4 (11th Cir. 2008).

the joinder of new class representatives. *See Doe v. Bush*, 261 F.3d 1037, 1050–51 (11th Cir. 2001); *Lockett v. Bd. of Educ. of Muscogee Cnty. Sch. Dist.*, 976 F.2d 648, 649 (11th Cir. 1992); *Graves*, 686 F.2d at 1139–40; *Boudreaux v. Sch. Bd. of St. Mary Par.*, 405 F. Supp. 3d 652, 666–67 (W.D. La. 2019); *Wyatt v. Poundstone*, 169 F.R.D. 155, 159 (M.D. Ala. 1995).

For decades in this case, the Courts and the parties (including the United States and the Chambers County school board) have agreed that this is a statewide class action, brought on behalf of all Black children and their parents or guardians across the state. *See, e.g.*, *Lee v. Etowah Cnty. Bd. of Educ.*, 963 F.2d 1416, 1418 (11th Cir. 1992) (noting that Lee *v. Macon* is "a class action brought in 1963 by black parents of school-age children"); *Lee v. Lee Cnty. Bd. of Educ.*, 476 F. Supp. 2d 1356, 1367 (M.D. Ala. 2007) (resolving statewide issues of special education and holding that "because this is a class-action case, the court is under an independent obligation to determine whether unitary status" is warranted in the statewide area at issue); *Lee v. Dothan City Bd. of Educ.*, No. 1:70-cv-1060-WHA, 2007 WL 1856928, at *1 (M.D. Ala. June 27, 2007) (noting that the "case began as part of a state-wide class action"). And, without objection from the United States, courts have granted permission to name new representatives in other *Lee v. Macon* matters. *See, e.g.*, Order, *Lee v.*

*Macon Cnty. Bd. of Educ. (City of Leeds)*, No. 2:17-mc-00681, ECF No. 16 (N.D. Ala. Apr. 27, 2020).[3]

Like the original named plaintiffs, Ms. Story and Ms. Allen are the parents of Black children who are enrolled in the public schools of Alabama. *See Lee II*, 231 F. Supp. at 744. Ms. Story and Ms. Allen seek relief on their own behalf, on behalf of their children, and on behalf of all other parents and their children who are similarly situated across Alabama. *Id*. at 745; *see also Lee I*, 221 F. Supp. at 298.

Ms. Story and Ms. Allen are parents who, like the original plaintiffs, seek to enforce the existing orders in this case to ensure complete relief on behalf of the Black families affected by the actions and policies of Defendant Chambers County Board of Education. *See Lee v. Chambers Cnty. Bd. of Educ*., 693 F. Supp. 3d 1223, 1227–28 (M.D. Ala. 2023) (noting that the *Lee* class represents "black students and their guardians"). Through this motion, Ms. Story and Ms. Allen simply wish to identify as the current class representatives for the Court. *See Rogers v. Paul*, 382 U.S. 198, 199 (1965) (granting a motion to add new plaintiffs in a desegregation case).

Both Ms. Story and Ms. Allen are adequate class representatives. Ms. Story is a lifelong resident of Chambers County. She is a graduate of LaFayette High School

---

[3] The *Leeds* matter is also on the docket of *Stout v. Jefferson County Board of Education*, No. 2:65-cv-00396, (N.D. Ala.).

and currently serves on the LaFayette City Council. She has two children attending LaFayette High School, a daughter in ninth grade and a son in twelfth grade. She is the current President of the LaFayette High School Parent Teacher Association. Ms. Allen has lived in Chambers County for 20 years. Her child has attended Chambers County public schools since kindergarten and is currently a seventh-grade student at LaFayette High School. *See Boudreaux v. Sch. Bd. of St. Mary Par.*, No. 6:65-CV-11351, 2020 WL 5367088, at *8 (W.D. La. Sep. 8, 2020) (holding that new plaintiffs in a desegregation case who were willing to "undertake the duties of representing the class" were adequate representatives). Indeed, Ms. Story and Ms. Allen have been actively involved in this case for years, and class counsel has taken direction from them since early 2022 as well as conferred with other class members across the county, including in Valley. *See, e.g.*, *Lee*, 693 F. Supp. 3d at 1227–28 (noting that class counsel had presented "emotional testimony of parents, students, and community organizations and leaders"). For example, Ms. Allen submitted comments to this Court concerning school closures, consolidations, and site selection in Chambers County. ECF Nos. 487, 505.

Moreover, the addition of Ms. Story and Ms. Allen is authorized and proper under Rules 17, 19, 20, 21 and 25 of the Federal Rules of Civil Procedure. *See, e.g.*, *McFadden v. Bd. of Educ. for Ill. Sch. Dist. U-46*, No. 05 C 0760, 2006 WL 6284486, at *4 (N.D. Ill. Oct. 3, 2006) (permitting the Rule 20 joinder of additional

desegregation plaintiffs). Under Rule 17, this Court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Rule 17 provides that, "[a]fter ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.*; *see*, *e.g.*, *McNeal v. Tate Cty. Sch. Dist.*, No. 2:70-CV-00029-DMB, 2016 WL 3264111, *3 (N.D. Miss. June 14, 2016) (granting a Rule 17 motion to add plaintiffs over a school board's objections); *Cowan v. Bolivar Cnty. Bd. of Educ.*, 914 F. Supp. 2d 801, 810–11 (N.D. Miss. 2012) (adding desegregation plaintiffs under Rule 17).

Rules 19 and 21 also give this Court broad discretion to join parties. Under Rule 21, a court can either "[o]n motion or on its own," "add or drop a party" at "any time, on just terms." Fed. R. Civ. P. 21; *see Graves*, 686 F. 2d at 1138 & n.1 (joining plaintiffs under Rule 21); *Vaughns v. Bd. of Educ. of Prince George's Cnty.*, 574 F. Supp. 1280, 1285 (D. Md. 1983) (joining parents and the NAACP as new plaintiffs in a desegregation case under Rule 21), *aff'd in part, rev'd on other grounds*, 758 F.2d 983 (4th Cir. 1985). And the joinder of Ms. Story and Ms. Allen is necessary for the just adjudication of this action insofar as their presence will ensure complete relief. Fed. R. Civ. P. 19(a)(1)(A).

## CONCLUSION

Accordingly, Ms. Charlene Story and Ms. Teranda Allen respectfully request that this Court add them to the docket as the named Plaintiff Class Representatives.

Date: October 29th, 2026

Respectfully submitted,

s/ Stanley F. Gray
Stanley F. Gray
Gray, Langford, Sapp, McGowan,
Gray, Gray & Nathanson
P.O. Box 830239
Tuskegee, AL 36083
Tel: (334)-727-4830
Fax: (334)- 727-5877
sgray@glsmgn.com

s/ Allison Scharfstein
Allison Scharfstein*
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
Ascharfstein@naacpldf.org

Amia L. Trigg*
NAACP Legal Defense &
Educational Fund, Inc.
700 14th Street NW, Suite 600
Washington DC 20005
Tel: (202) 216-2721
Fax: (202) 682-1312
Atrigg@naacpldf.org

*Admitted Pro Hac Vice

Attorneys for Private Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Allison Scharfstein*
Allison Scharfstein
NAACP Legal Defense &
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
Ascharfstein@naacpldf.org